OPINION
Defendant-appellant Robert Lee Campbell appeals his conviction and sentence entered by the Stark County Court of Common Pleas on one count of theft, in violation of R.C. 2913.02. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
On November 24, 1998, the Stark County Grand Jury indicted appellant on one count of theft, in violation of R.C. 2913.02. The trial court appointed Attorney Richard Drake to represent appellant. At his arraignment on December 4, 1998, appellant entered a plea of not guilty to the Indictment. The trial court scheduled the matter for jury trial on January 7, 1999. At a pretrial hearing conducted January 6, 1999, appellant expressed his desire to represent himself, and have Attorney Drake present at trial only to provide appellant with advise. The trial court conducted the following dialogue with appellant:
 MR. DRAKE: * * * [Appellant] is aware of his trial starting tomorrow. He called me, * * * yesterday, the day before, indicating that he wishes to represent himself. And that he wanted me to bring that to your attention before the trial started, which I would have in any event; is that correct?
[APPELLANT]: Yes, I want him only to advise.
 THE COURT: * * * You don't necessarily have a right in the State of Ohio to have him available simply to advise you and to conduct your own Defense. You either go with a lawyer or you go without a lawyer is normally the way things are done.
[APPELLANT]: Okay. I understand.
 THE COURT: Now, having said that, I mean I'll work with you anyway that I possibly can.
* * *
But let me say something to you. * * *
 You are going to get the best possible defense by letting a lawyer do it for you and you helping the lawyer, as opposed to the other way around. It's your right, if you want to represent yourself, to do that.
 As a practical matter, let me say this to you * * * I have never had anybody in front of me that's ever represented themselves that ever stood much of a chance just because they don't know what they are doing, and that's why I always like to talk to somebody and say I don't recommend it to you. It is your right to do it if you want to do it. * * *
* * *
 On the other hand, if you want to fully represent yourself, you can do that if you tell me that's what you want to do, but if you do that, you may have been through a trial before but you're not real experienced in picking a Jury.
* * *
 And you're not real experienced at handling trials and talking to jurors and those kinds of things, but I mean if you wanted to do that, that's fine. It's just that I hold you to the same standard that I hold the lawyer to then. You play by the same rules at that point in time.
* * *
What do you want to do?
[APPELLANT]: I want represent myself.
THE COURT: You want to do it totally by yourself?
[APPELLANT]: Yes, yeah.
 THE COURT: Now, if you do that, if you are going to do that totally by yourself at that point in time, I mean I'm going to hold you — we're going to go to trial tomorrow.
[APPELLANT]: Okay. That's fine with me, Your Honor.
 THE COURT: Now, let me say this also. Mr. Drake has indicated to me upstairs that he is ready to go on your behalf if you want him to. Do you understand that?
[APPELLANT]: Yes.
 THE COURT: Still even with that in mind, you would prefer to go on your own, represent yourself?
 [APPELLANT]: Yes, Your Honor. I think — well if I can work with Mr. Drake on this, you know what I'm saying? I just don't want to sit back and not be involved at all. I want to take a respectable part in this. Then I would go with Mr. Drake. Do you see what I'm saying?
 I don't know if Mr. Drake will aggressively attack this case like I will with all due respect to the Court. * * *
* * *
 THE COURT: What I'm going to do then is put this matter on for trial tomorrow morning. I'm going to ask Mr. Drake [to] be here tomorrow morning, say 8:30. I'll let the two of you sit downstairs and talk for a little bit. You can decide then how you want to proceed at that point in time, and if you want him available simply to answer some legal question, I don't have any problem with that, to give you some legal answer. If there is some legal things that you don't understand going along like, for instance, on the Jury selection, how many jurors you can get rid of, there are certain rules.
[APPELLANT] I understand the procedure.
 THE COURT: He can provide you all of those things. We will keep this matter on for trial tomorrow morning and just tomorrow morning. Just so I know before we start so I can tell the Jury so because if you are going to represent yourself, I want to make sure that the Jury knows.
* * *
Transcript of Hearing, January 6, 1999, at 3-8, 10.
On the morning of trial after appellant renewed his request to represent himself, the following dialogue occurred between the trial court and appellant:
 THE COURT: * * * I don't have any problem if you want [Attorney Drake] to be available to give you like if there is a legal question that you want to ask him, like for instance, is this the proper procedure and not the proper procedure. I don't have any problem with that if that will help you out.
[APPELLANT]: That's fine. That's all I want anyhow.
 THE COURT: * * * I need to talk to you just for a second about this on the record. You have indicated to me yesterday that you wish to represent yourself at the trial of this matter; is that correct?
[APPELLANT]: Yes, I do, Your Honor.
 THE COURT: You understand that Mr. Drake is here, he's ready, willing and able to represent you and you have an absolute right to have counsel represent you at the trial in this matter, but you also have the right to give up that right.
Do you understand all that?
[APPELLANT]: Yes. I do.
 THE COURT: And it's my understanding that you wish to, knowing all these rights, that you wish to give up your right to counsel; is that correct?
[APPELLANT]: Yes, I do.
 THE COURT: You're doing that after you thought this out and after you talked to Mr. Drake?
 [APPELLANT]: Knowingly and intelligently I am giving up that right.
 THE COURT: Now, you have — based upon our discussions you would like Mr. Drake to be available to answer any legal question that you might have?
[APPELLANT]: That's right.
* * *
 THE COURT: Any other questions that you have about representing yourself at all?
 [APPELLANT]: Only if I go astray. If I go astray in terms of procedure, then I'm going to simply ask the Court to bring me back in line and we will continue.
 THE COURT: And again, Mr. Drake I am certain can help you with those too.
 The only item that we have that we need to do just for housekeeping purposes is the rules of procedure require, and I'll give you this so you can take a look at it, that not only do you give me the waiver orally, but that you also sign a written waiver also. * * *
 * * * I have been handed this written waiver form and this is your signature; is that correct?
[APPELLANT]: Yes, it is.
Transcript of Proceedings, January 7, 1999, at 5-8.
Upon the conclusion of the aforementioned conversation, the trial court explained the process of jury selection to appellant. Thereafter, the trial commenced. The State called three witness, all of whom appellant cross-examined. Appellant neither testified nor called any witnesses on his own behalf. After hearing all the evidence and deliberations, the jury found appellant guilty of theft as charged in the Indictment, with a specific finding the value of the property was more than $500, but less then $5,000. The trial court sentenced appellant to a term of imprisonment of twelve months. The trial court memorialized the verdict and sentence in an Entry captioned "Found Guilty by Jury and Sentence Imposed" and filed January 12, 1999. It is from his conviction and sentence appellant prosecutes this appeal, raising as his sole assignment of error:
 THE TRIAL COURT DENIED THE DEFENDANT HIS CONSTITUTIONAL RIGHT TO THE ASSISTANCE OF COUNSEL BY NOT FULLY ADVISING THE DEFENDANT OF HIS RIGHT TO COUNSEL AND OBTAINING A KNOWING[,] VOLUNTARY AND INTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL.
Herein, appellant maintains he was denied his constitutional right to the assistance of counsel by the trial court's failure to fully advise him of his right to counsel as well as to obtain a knowing, voluntary, and intelligent waiver of that right. We agree. The Sixth Amendment to the United States Constitution, as made applicable to the states by theFourteenth Amendment, guarantees that a defendant in a criminal proceeding ". . . shall enjoy the right . . . to have the assistance of counsel for his defense." Section 10, Article I, Ohio Constitution. A criminal defendant may, however, elect to waive his right to counsel and proceed to defend himself if said waiver is voluntarily, knowingly and intelligently made. See, State v. Gibson (1976), 45 Ohio St.2d 366
at syllabus paragraph one. "In order establish an effective waiver of the right to counsel, the trial court must make sufficient inquiry to determine whether a defendant fully understands and intelligently relinquishes that right." Id. In Gibson, supra, the Ohio Supreme Court explained what constitutes a "sufficient inquiry" into a criminal defendant's waiver of his right to counsel: To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offense included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.
Id. at 377 (Citation omitted).
Upon review of the transcripts of the January 6, 1999 Pretrial and of January 7, 1999, prior to the commencement of trial as set forth, supra, we find the trial court's dialogues with appellant to be insufficient to adequately determine whether appellant fully understood and intelligently relinquished his right to counsel. The trial court failed to inform appellant of the nature of the charge against him, the statutory offenses included within it, the range of allowable punishments thereunder, possible defenses to the charge and circumstances in mitigation thereof, and other facts essential to appellant's broad understanding of the entire matter. Accordingly, we find appellant's waiver of counsel was not knowingly, voluntarily, or intelligently given. Appellant's sole assignment of error is sustained.
The judgment of the Stark County Court of Common Pleas is reversed and the case remanded to the trial court for further proceedings consistent with this opinion and the law.
Hoffman, J. Wise, P.J. and Farmer, J. concur.